# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8525 | **DATE** | 11/29/2012 |
| **CASE TITLE** | *Thomas v. City of Chicago, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to dismiss the state law claims [41] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Jerrell Thomas filed suit against the City of Chicago and certain of its police officers alleging violations of his civil rights and certain Illinois laws related to his arrest on August 8, 2010.[1] Specifically, in his second amended complaint ("SAC"), Thomas alleges that one day after complaining to his alderman about the practices of a local business, he stood across the street from the business with a placard which detailed his grievances. After Defendants Detectives P.M. Lorenz and R.J. Reed arrested him without probable cause, he was held at a police station for two days and was then taken to Cook County Jail where he was held for a week. After appearing in front of a judge who told him he was arrested for protesting and who set bond at $100,000, Thomas was released without any paperwork and no charges were filed. The City moves to dismiss Thomas's state law claims as untimely. For the reasons stated below, the motion is denied.

Thomas' state law claims in his form complaint include false arrest, assault, battery, false imprisonment, malicious prosecution, conspiracy, as well as "any other claim that may be supported by the allegations of th[e] complaint." (SAC, Dkt. # 33, ¶ 14.) The City argues that because Thomas did not file his original complaint until November 30, 2011, his state law claims are barred by the statute of limitations. Under the Illinois Tort Immunity Act, "[n]o civil action . . . may be commenced within one year from the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8-101. A personal injury claim accrues when the injury is inflicted, *Diaz v. Shallbetter*, 984 F.2d 850, 855 (7th Cir. 1993), which here is the date of arrest, August 8, 2010. Because Thomas' complaint was not filed until November 30, 2011, over a year later, his state law claims are time-barred.

However, Thomas argues in his response that the statute of limitations expired "due to unknown names of City of Chicago employees." (Pl.'s Resp., Dkt. # 49-1, at 1.) According to Thomas, he "diligently" sought the names of the unknown officers through various outlets, including the City of Chicago Internal Affairs Division, the office of Senator Richard Durbin, the office of Alderman Toni Folkes, the City of

**STATEMENT**

Chicago Mayor's Office of Administration, and a lawsuit filed in the Circuit Court of Cook County, which was "denied" for "jurisdictional reasons." (*Id.*) He appears to assert that these individuals and entities intentionally and knowingly withheld the names of the officers he was seeking and invokes the doctrine of equitable estoppel. Equitable estoppel will operate as a bar to the defense of statute of limitations if "the defendant took active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations." *Lucas v. Chi. Transit Auth.*, 367 F.3d 714, 721 (7th Cir. 2004). While the City contends that Thomas does not allege any affirmative actions on behalf of the defendants that misled or prevented him from filing his action, Thomas need not plead around affirmative defenses. *U. S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003).

It is also plausible that Thomas seeks to rely on the doctrine of equitable tolling, which provides that "where a prospective plaintiff acting with due diligence is unable to obtain the information necessary to be aware of the existence of his claim, the equitable tolling concept permits an extension of that limitations period." *Webb v. Gardner, Carton & Douglas LLP Long Term Disability Plan*, --- F. Supp. 2d ----, 2012 WL 5195966, at *4 (N.D. Ill. Oct. 22, 2012). The City does not address this issue and whether it applies in the instant case is an open issue.

Accordingly, the City's motion to dismiss the state law claims is denied.

---

1. The City disputes that this is the date of his arrest but accepts it for purposes of its motion to dismiss.