# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8525 | **DATE** | 5/13/2013 |
| **CASE TITLE** | *Thomas v. City of Chicago, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion to vacate the dismissal [76-1] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     On February 14, 2013, defendant's motion to compel Plaintiff's responses to written discovery (Dkt. # 64) was granted and Plaintiff was ordered to respond on or before March 11, 2013. Plaintiff failed to comply with that order and failed to appear at the next status hearing date of April 2, 2013. On April 2, 2013, the Court ordered the plaintiff to appear on April 17, 2013 and to comply with the Court's order of February 14, 2013 or face sanctions. Nevertheless, Plaintiff failed to comply with the order to respond to defendant's written discovery requests. Instead, on April 17, 2013, Plaintiff appeared in Court and stated verbally that he had no documents to produce. Plaintiff was advised that this is an insufficient response to defendant's discovery requests and was ordered to file and serve upon opposing counsel written responses to interrogatories in compliance with the Federal Rules of Civil Procedure and to file and serve upon opposing counsel written responses to requests to produce in compliance with the Federal Rules of Civil Procedure. In the event that he claimed, contrary to his prior representations, that he had no documents to produce, then he was directed to file a signed written response stating that he has no such documents for each and every category of documents described in the defendant's request to produce documents. Plaintiff was warned that failure to comply with the Court's orders before May 8, 2013 would result in sanctions, including striking Plaintiff's pleadings and dismissing the cause of action.

     Despite being directed to do so, Plaintiff failed to appear at the May 8, 2013 status. Defense counsel appeared and stated that Plaintiff still had not served written responses to their discovery requests. The Court noted that Plaintiff had been given several opportunities to respond in writing to discovery and had been warned that his failure to do so could result in the dismissal of his case. Thus, Plaintiff having failed to appear and having failed to serve written responses to discovery as directed, the Court dismissed the case without prejudice. (Dkt. # 75.)

     Plaintiff has filed a motion to vacate the dismissal. In it, he does not provide a reason for his failure to appear at the May 8, 2013 status or state that he has complied with this Court's orders to serve written responses to defendants' discovery requests. Instead, he states that he demanded defense counsel to

**STATEMENT**

"reproduce records i.e. interrogatories of any and all parties" and that "Plaintiff['s] oral interrogatories are sufficient and deny any response to written interrogatories." (Dkt. # 76.) To the extent that Plaintiff contends that his oral responses are sufficient and "denies" any written response, this is in direct contradiction to this Court's order (made on several occasions) to file written responses. Plaintiff's motion to vacate the dismissal is denied.