# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8525 | **DATE** | 6/3/2013 |
| **CASE TITLE** | *Thomas v. City of Chicago, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's second motion to vacate [79-1] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     As detailed in its order of May 13, 2013, Plaintiff's case was dismissed for failing to appear at a status at which he was expressly directed to appear and for failing to provide written discovery responses, also as directed by this Court. Plaintiff has filed a second motion to vacate the dismissal.

     Briefly, on February 14, 2013, Defendant Lorenz's motion to compel Plaintiff's responses to written discovery (Dkt. # 64) was granted and Plaintiff was ordered to respond on or before March 11, 2013. Plaintiff failed to comply with that order and failed to appear at the next status hearing date of April 2, 2013. On April 2, 2013, the Court ordered Plaintiff to appear on April 17, 2013 and to comply with the Court's order of February 14, 2013 or face sanctions. Nevertheless, Plaintiff failed to comply with the order to respond to Defendant's written discovery requests. Instead, on April 17, 2013, Plaintiff appeared in Court and stated that he had no documents to produce. Plaintiff was advised that this is an insufficient response to Defendant's discovery requests and was ordered to file and serve upon opposing counsel written responses to interrogatories in compliance with the Federal Rules of Civil Procedure and to file and serve upon opposing counsel written responses to requests to produce in compliance with the Federal Rules of Civil Procedure. In the event that he claimed that he had no documents to produce, then he was directed to file a signed written response stating that he has no such documents for each and every category of documents described in the defendant's request to produce documents. Plaintiff was warned that failure to comply with the Court's orders before May 8, 2013 would result in sanctions, including striking Plaintiff's pleadings and dismissing the cause of action.

     Not only did Plaintiff fail to appear at the May 8, 2013 status, but defense counsel appeared and stated that Plaintiff still had not served written responses to the discovery requests. The Court noted that Plaintiff had been given several opportunities to respond in writing to discovery and had been warned that his failure to do so could result in the dismissal of his case. Thus, Plaintiff having failed to appear and having failed to serve written responses to discovery as directed, the Court dismissed the case without prejudice. (Dkt. # 75.)

     Plaintiff's first motion to vacate the dismissal was denied because he failed to provide any reason for

**STATEMENT**

not appearing at the May 8, 2013 status hearing and seemed to assert that oral responses to the discovery requests were sufficient. (Dkt. # 78.) Plaintiff now files his second motion to vacate the dismissal stating he had an unspecified "scheduling conflict" on May 8, 2013, "submitted answered interrogatories to defense [counsel,]" and "acknowledge[s] any & all documents of outstanding evid[e]nce by plaintiff w[ere] stolen from [his] possession throughout this case." (Dkt. # 79.)

The motion is denied. Despite being ordered to appear on May 8, 2013, Plaintiff did not nor did he notify the Court's clerk that he would be unable to attend or ask the Court to reschedule the hearing. Plaintiff's current contention that he had an unspecified "scheduling conflict" is an insufficient basis for excusing his appearance, which was expressly ordered by the Court. As to the interrogatory responses Plaintiff states he provided to counsel, he does not indicate when they were served, but it must have been after the May 8, 2013 hearing (Plaintiff was directed to provide written responses *before* May 8, 2013 (Dkt. # 73)) because defense counsel appeared on that date and stated they had not received any discovery responses from him. Finally, Plaintiff's assertion that the documents he apparently intended to turn over were stolen is unavailing. The Court specifically instructed Plaintiff in its order entered April 22, 2013 that in the event he had no documents to turn over in response to Defendant's discovery requests, he was "to file a signed written response stating that he has no such documents for each and every category of documents described in the defendant's request to produce documents." (Dkt. # 74, at 2.) He did not do this.

Plaintiff consistently flouted this Court's orders, the Court gave him a last chance to comply and Plaintiff failed to do so. Plaintiff has provided no valid reason for this Court to vacate its order of dismissal and, therefore, Plaintiff's motion to vacate [79-1] is denied.